**Henry TERRY, Plaintiff–Appellant,**

v.

**INCORPORATED VILLAGE OF PATCHOGUE, Peter Sarich and James Nudo, Defendants–Appellees.**

**No. 06–0478–cv.**

United States Court of Appeals, Second Circuit.

Aug. 10, 2006.

R. Bertil Peterson, Staff Counsel, The Coalition of Landlords, Homeowners & Merchants, Inc., Babylon, NY, for Appellant.

Brian S. Sokoloff (Timothy F. Hill, of counsel), Miranda Sokoloff Samburksy Slone Verveniotis LLP, Mineola, NY, for Appellees.

PRESENT: CHESTER J. STRAUB, ROSEMARY S. POOLER, and ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Henry Terry appeals from the judgment of the district court, which was based upon an order, entered December 29, 2005, denying Terry permission to file motions pursuant to Federal Rules of Civil Procedure 4(m) and 60(b), and dismissing "on the merits," *see* Fed. R.Civ.P. 41(b), *sua sponte,* Terry's suit for failure to prosecute.

In light of: (1) the brevity of the district court's order; (2) the fact that it was issued without either side having had an opportunity to submit evidence in support of its position or to brief whether dismissal for failure to prosecute or a lesser sanction was appropriate; and (3) the apparent silence of the evidence in the present record with respect to whether, *inter alia,* the delays at issue were caused by Terry or his counsel, we conclude that we have an insufficient record on which to determine properly the propriety of the judgment of the district court dismissing this action for failure to prosecute.

We review a dismissal for failure to prosecute for abuse of discretion, "examining whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2)[the] plaintiff was given notice that further delay would result in dismissal; (3)[the] defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against [the] plaintiff's right to an opportunity for a day in court; and (5) the [district] court adequately assessed the efficacy of lesser sanctions." *U.S. ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir.2004); *see also Nita v. Conn. Dep't of Envtl. Prot.,* 16 F.3d 482, 485 (2d Cir.1994). "No one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *Drake,* 375 F.3d at 254.

The district court appears to have implicitly denied Terry's request for permission to file a motion pursuant to Federal Rule of Civil Procedure 4(m). Nevertheless, we ask the district court on remand to take the opportunity to make an explicit ruling on the request, in light of a presumably augmented record to the extent necessary.

Nothing in the foregoing observations should be read to indicate our views as to the merits of the motions or the claims that may or may not ultimately be made in this lawsuit.

Finally, although it appears from what we have before us that the district court, in denying Terry permission to file a Rule 60(b) motion, did not abuse its discretion in concluding that Terry failed to demonstrate "excusable neglect," *see State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 177 (2d Cir. 2004), *cert. denied,* 543 U.S. 1177, 125 S.Ct. 1309, 161 L.Ed.2d 161 (2005),—assuming for these purposes that Federal Rule of Civil Procedure 60(b), which provides for relief "from a *final* judgment, order, or proceeding" (emphasis added), is the proper vehicle for Terry to challenge the district court's October 2, 2005 order—we think it the better course, in light of the fact that we are remanding in any event, to vacate the court's judgment in this regard, too. The court may then reconsider Terry's request in light of additional submissions that may be made by the parties.

We have considered Terry's remaining arguments and conclude that they are without merit.

For the foregoing reasons, we VACATE the district court's judgment and REMAND the matter to the court for further proceedings.